**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION**

| | |
|---|---|
| JEREMY SETTLES, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. ) | Case No. 19-cv-1002-JES |

**OPINION**

The matter presently before the Court is Petitioner Jeremy Settles' Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Doc. 1). A hearing on the Motion is not required because "the motion, files, and records of the case conclusively show that the prisoner is entitled to no relief." *Hutchings v. United States*, 618 F.3d 693, 699–700 (7th Cir. 2010) (quotation omitted). Also before the Court is the Government's Motion to Dismiss (Doc. 5). Because Petitioner is not entitled to relief, the § 2255 motion is DENIED and the Government's Motion to Dismiss is GRANTED.

**I. BACKGROUND**

In April 2011, Settles was charged by indictment of conspiracy, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(C) (Count 1); and distribution of heroin, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) (Count 2). *See United States v. Settles,* United States District Court, Central District of Illinois, Springfield Division, Case No. 11-cr-10026 (hereinafter, Crim.), Indictment (d/e 1). In December 2011, Settles pleaded guilty to Count 2 pursuant to a plea agreement. *See* Crim., Plea Agreement (d/e 18). In the plea agreement, the parties stipulated that Settles had knowingly and intentionally distributed a mixture and substance

1

containing a detectable amount of heroin, "by delivering said substance to Rebecca Chambers, an 18 year old female, by injecting said substance into her body." *Id.* at 8-9. However, the parties disputed whether the death of and serious injury to Ms. Chambers resulted from the use of the heroin, and agreed "that this issue will be resolved by the Court at the sentencing hearing using a preponderance of evidence standard." *Id.* at 9. Pursuant to the sentencing enhancement under § 841(b)(1)(C), and as noted in the Plea Agreement, if the Court found that "death or serious bodily injury result[ed] from the use of" the heroin, Settles' mandatory statutory sentence was to be "not less than twenty years or more than life." *Id.* at 4. If not, he could be sentenced to a "term of imprisonment up to 20 years." *Id.*

On May 31, 2012, the Court held a sentencing hearing. During the hearing, both sides presented expert witnesses to testify regarding the cause of Rebecca Chambers' death. Crim., Sent. Tr. (d/e 39). After reviewing the evidence and the testimony, the Court found "by a preponderance of the evidence the death or serious bodily injury to Rebecca Chambers resulted from the use of the heroin in this case; and but for the use of that heroin in this case, that death or serious bodily injury would not have occurred." *Id.* at 51-52. The Court imposed a sentence of 240 months' imprisonment. *Id.*; *see also* Crim., Judgment (d/e 28).

Settles filed a direct appeal on June 4, 2012, arguing that the government had not presented sufficient evidence to meet the "but-for" standard required by *United States v. Hatfield*, 591 F.3d 945 (7th Cir. 2010). *See United States v. Settles,* No. 12-2319, d/e 14 at 11 (7th Cir.). After the Government responded, Settles filed a Statement of Voluntary Dismissal on January 31, 2013. *Id.* at d/e 23-2. The Seventh Circuit dismissed the appeal on the same day.

In January 2019, Settles filed this Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. (Doc. 1). He argues that (1) his counsel

2

was constitutionally ineffective for failing to tell him about *United States v. Hatfield*, 591 F.3d 945 (2010), making his plea agreement not knowing and voluntary; (2) this Court erred when it used the preponderance of the evidence standard instead of the beyond a reasonable doubt standard when determining whether the death results enhancement applied; and (3) in light of *Burrage v. United States,* 571 U.S. 204 (2014), he is actually innocent of the death results sentencing enhancement.

The Government filed a Motion to Dismiss (Doc. 5), alleging Settles' claims were untimely and without merit. Settles did not file a timely response. This Order follows.

## II. DISCUSSION

A person convicted of a federal crime may move to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Relief under § 2555 is an extraordinary remedy because a § 2255 petitioner has already had "an opportunity for full process." *Almonacid v. United States*, 476 F.3d 518, 521 (7th Cir. 2007). Here, Settles' claims must be dismissed because they are untimely and, if they were not untimely, would not succeed on the merits.

A one-year period of limitation applies to § 2255 petitions. 28 U.S.C. § 2255(f). The one-year period begins to run from the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

3

> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1)-(4). The timeliness of each claim must be considered independently. *Davis v. United States*, 817 F.3d 319, 327 (7th Cir. 2016).

In this case, the only two possible dates from which the one-year period began to run are the dates provided under § 2255(f)(1) and (f)(3), because Settles does not allege any government action prevented him from making a motion (§ 2255(f)(2)) or that he recently discovered, through the exercise of due diligence, facts supporting his claim (§ 2255(f)(4)).

Settles' criminal judgment was entered on June 1, 2012. *See* Crim., Judgment (d/e 28). Settles timely filed a direct appeal, but his judgment became final after the Seventh Circuit dismissed the case on January 31, 2013, pursuant to his statement of voluntary dismissal. This Motion, filed in January 2019, nearly six years after his judgment became final, is not timely under § 2255(f)(1).

The other possible deadline for calculating the one-year period is the date "on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3). None of Settles' claims rely on such a right.

Settles' first claim is that his counsel was constitutionally ineffective for failing to advise him about the Seventh Circuit case of *United States v. Hatfield*, 591 F.3d 945 (2010), which had clarified that the term "results from" in § 841(b)(1)(C) requires the government to prove the drugs distributed by a defendant were the but-for cause of the death or serious bodily injury. Settles is not relying on a new right, as the right to effective assistance of counsel has long been recognized. *See, e.g., Strickland v. Washington*, 466 U.S. 668, 684-86 (1984) (Sixth Amendment

4

guarantees criminal defendants effective assistance of counsel).  Further, as the Government notes, Settles was aware of *Hatfield* at least by the time of his direct appeal, as it was the basis for his direct appeal.  *See United States v. Settles,* No. 12-2319, d/e 14 at 11 (7th Cir.). Accordingly, the Court finds the claim was available to him when his judgment became final nearly six years ago, and must be dismissed as untimely.

Settles' second claim is that the Court erred by applying the preponderance of the evidence standard instead of the reasonable doubt standard to determine whether Ms. Chambers' death resulted from the heroin.  Settles does not include a citation, but *Alleyne v. United States*, 570 U.S. 99 (2013), is the case that changed the applicable standard.  *Alleyne,* however, was decided more than one year ago, and is not retroactive.  *See Crayton v. United States,* 799 F.3d 623, 624 (7th Cir. 2015).  Accordingly, this claim is untimely as well.

Settles' third claim is that, in light of the Supreme Court's ruling in *Burrage v. United States,* 571 U.S. 204 (2014)*,* he is "actually innocent" of the "death results" enhancement of 21 U.S.C. § 841(b)(1)(C).  In *Burrage*, the Supreme Court held that "at least where use of the drug distributed by the defendant is not an independently sufficient cause of the victim's death or serious bodily injury, a defendant cannot be liable under the penalty enhancement provision of 21 U.S.C. § 841(b)(1)(C) unless such use is a but-for cause of the death or injury."  *Id.* at 218–19.  The Seventh Circuit has held that *Burrage* is retroactive on collateral review.  *See Krieger v. United States*, 842 F.3d 490, 499–500 (7th Cir. 2016); *Prevatte v. Merlak*, 865 F.3d 894, 895 (7th Cir. 2017), *reh'g and suggestion for reh'g en banc denied* (Sept. 28, 2017).  However, again, Settles has missed the one year deadline, as *Burrage* was decided in 2014.  Moreover, it is clear from the record that "but for" causation was the standard used in his case, which Settles' attorney, the Government, and the Court all explicitly stated at his sentencing hearing.  *See* Crim.

5

Sent Tr. at 50-52 (d/e 39); Resp. at 7 (Doc. 5). Thus, Settles' third and final claim must be dismissed as well.

### III. CERTIFICATE OF APPEALABILITY

If Petitioner seeks to appeal this decision, he must first obtain a certificate of appealability. *See* 28 U.S.C. § 2253(c) (providing that an appeal may not be taken to the court of appeals from the final order in a § 2255 proceeding unless a circuit justice or judge issues a certificate of appealability). A certificate of appealability may issue only if Petitioner has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Here, Petitioner has not made a substantial showing of the denial of a constitutional right. The Court declines to issue a certificate of appealability.

### IV. CONCLUSION

For the reasons stated, Petitioner Jeremy Settles' Motion to Vacate Sentence Under 28 U.S.C. § 2255 (Doc. 1) is DENIED. The Government's Motion to Dismiss (Doc. 5) is GRANTED. The Court declines to issue a certificate of appealability. This case is CLOSED.

Signed on this 29th day of April 2019.

*s/ James E. Shadid*
James E. Shadid
United States District Judge